Roy J. ROSSELL and Jerry G. DiBello, Appellants,

v.

Stanley RESOR, as Secretary of the Army; John W. Macy, Jr., Chairman; L. S. Andolsek, Vice-Chairman; and Robert E. Hampton, Commissioner, constituting the United States Civil Service Commission, Appellees.

No. 208, Docket 35154.

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1970.

Decided Dec. 29, 1970.

Samuel Resnicoff (Resnicoff & Kramer, New York City, on the brief), for appellants.

Richard C. Antonacci, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., E. D. N. Y., on the brief), for appellees.

Before SMITH and HAYS, Circuit Judges, and LEVET, District Judge.*

HAYS, Circuit Judge:

Both appellants in this case are career employees occupying competitive civil service positions with the Army Pictorial Center, Department of the Army, at Long Island City, New York. Both appellants received notices on November 20, 1964, entitled "Furlough Not to Exceed One Year Under Reduction in Force Procedures," informing them that, effective January 19, 1965, they were being placed on furlough status. On the same date, they received an "Offer to Change to Lower Grade in Lieu of Furlough," which they both accepted under protest. As a result, Rossell, who had

---

* Senior Judge of the Southern District of New York sitting by designation.

been an MP Developing Machine Operator at $3.44 per hour, became a lower grade MP Developing Machine Operator at $3.36 per hour; DiBello, who had been employed as a Photo Lab Technician at $8,690.00 per annum became an MP Negative Worker (Cutter) at $3.36 per hour, a lower rate of pay.

Appellants have exhausted their remedies by administrative appeal. The New York Regional Director denied their appeals and his decision was affirmed by the Board of Appeals and Review and finally by the United States Civil Service Commission. Appellants then instituted this action in the United States District Court for the Eastern District of New York.

In the district court appellants moved for summary judgment. They submitted affidavits stating that although on paper they had been demoted to lower positions, they were in fact performing the same duties which they had previously performed. Appellees moved to dismiss the complaint for failure to state a claim on which relief could be granted and cross moved for summary judgment. The trial judge granted appellees' motion. We reverse and remand.

This action of the Army Pictorial Center that is attacked by appellants was based on a determination that a reduction in work force was necessary to eliminate a deficit in operating expenditures. Such a reduction is governed by the provisions of 5 U.S.C. § 3502 (1964 & Supp.1970), formerly 5 U.S.C. § 861, and the regulations promulgated thereunder pursuant to 5 U.S.C. § 1302 (1964), at 5 C.F.R. Part 351 (1970). See also, United States Civil Service Commission, Federal Personnel Manual, Chapter 351 (1969). Since appellants were not demoted for any misconduct on their part or pursuant to a determination that their individual demotions would promote the efficiency of the service, the provision which they allege is controlling, 5 U.S.C. § 7512 (1964), formerly 5 U.S.C. § 863, is inapplicable.

■ It is true that a reduction in force allows the reduction in grade of certain civil service employees. 5 C.F.R. §§ 351.201(a), 351.401 et seq. (1970), Federal Personnel Manual, *supra* at Chapter 351. There is no provision, however, allowing such a reduction in grade while at the same time permitting the agency to use the retained employees to perform the same duties and discharge the same responsibilities which they had had previously at the higher grade. In Caputo v. Resor, 360 F.2d 770, 773 (2d Cir.1966), we said of such a reduction in grade without change of duties: "It is hard to think of a result which would be more likely to injure the morale and the efficiency of federal civil servants * * *." The action that the appellants allege was taken in the present case is antithetical to the principles upon which the classification of competitive civil service positions is based. "[I]n determining the rate of basic pay which an employee will receive * * * the principle of equal pay for substantially equal work will be followed * * *." 5 U.S.C. § 5101(1) (A) (1964). The entire system of classification under which the GS level, and consequently the salary, of each job is based on the level of responsibility accorded to the employee would be undermined by such a practice. See 5 U.S.C. §§ 5101–5115 (1964 & Supp.1970); 5 C.F.R. Part 511, Part 531 (1970); Federal Personnel Manual, *supra*, Chapter 511. A change in classification based on a reassessment of the responsibilities entailed [1] is the only way that an agency can change the grade of an employee as long as he continues to do the same work.

■ The key issue is, therefore, whether the appellants are doing the same work they were doing at the higher

---

1. "When facts warrant, an agency may change a position which it has placed in a class or grade under this section from that class or grade to another class or grade." 5 U.S.C. § 5107 (1964).

grade level. Since this is a genuine issue as to a material fact within the meaning of Rule 56 of the Federal Rules of Civil Procedure, summary judgment is precluded.

In view of the result we have reached we need express no opinion at this time on the other issues raised by appellants.

Reversed and remanded.